IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A. KEVIN FAHEY, on behalf of the General Public of the District of Columbia, | CIVIL ACTION NO. |
| PLAINTIFF, | |
| v. | JURY TRIAL DEMANDED |
| NEW ENGLAND COFFEE COMPANY and REILY FOODS COMPANY, | |
| DEFENDANTS. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants New England Coffee Company ("NECC") and Reily Foods Company ("Reily") (collectively "Defendants") hereby remove the "Complaint and Demand for Jury Trial" ("Complaint") filed by A. Kevin Fahey ("Plaintiff") and the underlying action in "*A. Kevin Fahey v. New England Coffee Co*., *et al*.," No. 2019 CA 001465 B on the docket of the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. By removing, Defendants do not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, and any and all other available defenses, both procedural and substantive.

In support of this Notice of Removal, Defendants state as follows:

**I.     BACKGROUND AND PROCEDURAL POSTURE**

1.     This case was filed by Plaintiff in the Superior Court of the District of Columbia on March 6, 2019. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Exhibit A.

2. Plaintiff alleges that Defendants misrepresented the ingredients in NECC's "flavored coffees [which] are the subject of this litigation." Complaint ¶ 12. In particular, Plaintiff asserts that "at least through December 2018, [Defendants] labeled and advertised [NECC's flavored coffees] as if they were exclusively naturally-flavored" when they were not. *Id.* ¶ 29.

3. Plaintiff alleges that he purchased a package of NECC's "Hazelnut Crème" flavored coffee in Washington, D.C. on June 16, 2018. *Id*. ¶ 19. He contends that he mistakenly believed that the coffee contained actual hazelnuts. *Id*. ¶ 1.

4. Pictures of the bag of Hazelnut Crème coffee allegedly purchased by Plaintiff are part of the Complaint. *Id*. at pp. 8–10. As the pictures show, the words "FRESHLY GROUND 100% Arabica Coffee" appear at the top of the front of the package. *Id.* at p. 8. A banner appears in the middle of the front panel which states "Hazelnut Crème Medium Roasted Rich, Nutty Flavor," which is the only place on the packaging where the word "hazelnut" appears. *Id.* The back panel of the package includes an ingredients list: "Ingredients:  100% Arabica Coffee Naturally and Artificially Flavored." *Id.* at p. 10.

5. Plaintiff asserts the following causes of action in the Complaint against Defendants: (1) violation of the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code §28-3908(x) (Count 1); (2) violation of other provisions of the CPPA, D.C. Code §28-3904(a), (b), (d), (f), (f-1), (h) and (x) (Count 2); and (3) violation of undefined provisions of the D.C. Commercial Code (Count 3). Complaint ¶¶ 58–74.

6. As remedies for the alleged violations, Plaintiff seeks multiple forms of relief in the Complaint. For example:

> The Plaintiff and Class Members seek to enjoin such fraud, obtain disgorgement of profits from sales of the products in question and obtain appropriate monetary damages for the consumers who purchased such products in the District of Columbia.

\* \* \*

> The CPPA allows for treble damages, or $1,500 per violation, whichever is greater, as well as reasonable attorney's fees, punitive damages, an injunction against the unlawful trade practice, . . . and "any other relief the court deems proper."

*Id.* ¶¶ 5, 16.

7. Plaintiff brings this case as a putative class action. He expressly states that this case "has been brought and may be maintained as a class action pursuant to Superior Court Rule of Civil Procedure 23." *Id.* ¶ 51. Additionally, the Complaint contains "class allegations," a "class definition," discussions of traditional class action requirements, such as "numerosity," "commonality," and "predominance," and a list of alleged "common questions." *Id.* ¶¶ 51–57. Defendants deny that this lawsuit may proceed as a class action, but it has clearly been brought by Plaintiff as a class action.

8. Plaintiff defines the relevant class period as the three-year period "prior to the filing of this action until judgment is entered," meaning that the relevant time period here began March 6, 2016 inasmuch as the present action was filed on March 6, 2019. *Id.* ¶ 52. In his class definition, Plaintiff includes "[a]ll persons who reside in the District of Columbia currently or formerly and who purchased the Products in the District of Columbia during the relevant time period." *Id.* ¶ 53.

## II. THIS NOTICE OF REMOVAL IS TIMELY FILED IN THE PROPER VENUE.

9. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal.

10. The removal of this action to this Court is timely under 28 U.S.C. §§ 1446(b) and 1453(b) because this Notice of Removal is filed within thirty (30) days after March 14, 2019, which is the date that Defendants were served, and indeed, the Notice of Removal is being filed within thirty (30) days of the filing of the Complaint in the D.C. Superior Court.

11. The United States District Court for the District of Columbia is the proper place for this Notice of Removal under 28 U.S.C. §1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

### III.  JURISDICTION – 28 U.S.C. §1332(d)

12. Plaintiff asserts a class action as defined by 28 U.S.C. § 1332(d)(1). Complaint ¶¶ 51–57. Although Defendants will challenge that this suit is properly maintainable as a class under Fed. R. Civ. P. 23, this Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(1)-(d)(10), 1453.

13. Removal is proper because: (1) the suit is a putative class action where the minimal diversity test is satisfied (any one member of a class of plaintiffs is a citizen of a state different from defendants); (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) the putative class includes at least 100 members.

### a.  **Diversity of Citizenship**

14. Diversity of citizenship exists in this case under 28 U.S.C. §1332(d)(2)(A) because the Plaintiff and/or any class member is a citizen of a state different from that of Defendants.

15. Plaintiff alleges that he is a citizen of the Commonwealth of Virginia. Complaint ¶ 11. Additionally, he purports to bring this action on behalf of individuals who are or were citizens of the District of Columbia. *Id.* ¶ 53.

16. Plaintiff alleges that Reily is a resident of Louisiana and NECC is a resident of Massachusetts. *Id.* ¶¶ 12–13. Reily is, and has been at all relevant times, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Louisiana. NECC operates as a division of Reily and is not incorporated or organized as a separate entity.

17. Accordingly, minimal diversity of citizenship exists because Defendants are not citizens of either Virginia or the District of Columbia, and they never have been at any relevant time.

b. **Amount in Controversy**

18. Under 28 U.S.C. § 1332(d), a putative class action is removable if it satisfies the amount in controversy requirements under CAFA contained in 28 U.S.C. § 1332(d)(2); namely, if the *aggregate* amount in controversy is greater than $5,000,000, exclusive of interest and costs. 28 U.S.C. §1332(d)(6).

19. Importantly, when enacting CAFA, Congress intended that the amount in controversy requirement be interpreted expansively, with a strong preference for federal jurisdiction, meaning that under CAFA "no antiremoval presumption attaches because 'Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court.'" *Bradford v. George Washington Univ.,* 249 F.Supp.3d 325, 331 (D.D.C. 2017) (*quoting Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547, 554 (2014)).

20. When a plaintiff's complaint does not state the amount in controversy, such as Plaintiff's Complaint here, "the defendant may provide an amount in its notice of removal." *Doe v. Georgetown Synagogue-Kesher Israel Congregation,* 118 F.Supp.3d 88, 93 (D.D.C. 2015). Furthermore, the United States Supreme Court recently held that in order to remove a case to federal court under CAFA, "the defendant need only 'allege the required amount plausibly' and need not support the allegation with evidentiary submissions." *Id.* (*quoting Dart Cherokee Basin Operating Co.,* 135 S. Ct. at 553).

21. Consistent with this Congressional bias towards federal jurisdiction over class actions, courts consider – and aggregate – a wide variety of damages when determining whether CAFA's jurisdictional threshold has been satisfied. Specifically, courts consider compensatory

damages, statutory damages, punitive damages, and attorneys' fees (where permitted by statute). *See Bradford,* 249 F.Supp.3d at 334 (discussing types of damages that may be aggregated for CAFA purposes); *McMullen v. Synchrony Bank,* 82 F.Supp.3d 133, 137-38 (D.D.C. 2014) (using treble damages in determining whether the CAFA amount-in-controversy requirement is satisfied).

22. With respect to injunctive relief, Plaintiff seeks an "injunction against Defendants' violations of the CPPA." Complaint at p. 22. Under CAFA, injunctive relief is valued "from the viewpoint of the plaintiff or the viewpoint of the defendant." *See* S. Rep. No. 109-14, at 42 Injunctive relief here would require the expense of corrective advertising, marketing, and labeling for the challenged products.

23. CAFA's $5,000,000 amount-in-controversy requirement is easily met here. Plaintiff's proposed class includes every current or former resident of D.C. who purchased NECC's flavored coffee products starting in March, 2016, and going to some future date. Complaint ¶ 52.

24. Notably, Plaintiff's Complaint seeks treble and statutory damages of "$1,500 per violation, whichever is greater" in addition to "attorneys' fees, punitive damages, [and] an injunction." *Id.* ¶ 16. Additionally, Plaintiff seeks "disgorgement of profits." *Id.* ¶ 5 & p. 22.

25. Plaintiff's claim for statutory damages of $1,500 per violation alone satisfies the CAFA amount-in-controversy requirement. At $1,500 per transaction, the alleged damages would reach $5,000,000 if NECC only had 3,334 sales of its flavored coffee products to D.C. residents over the course of a three-year class period going back to March 2016. In fact, NECC sold hundreds of thousands of flavored coffee product units in the District of Columbia over that time frame. While such aggregation of damages would not typically be appropriate outside of the class action context, CAFA is clear that "[i]n any class action," such as this, "the claims of the individual

class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(6).

26. Plaintiff also prays for attorneys' fees under the statutory provisions at issue, punitive damages, disgorgement of profits, and injunctive relief. Complaint at p. 22. These additional damages and remedies are likewise aggregated on top of the statutory damages when determining the amount in controversy.

27. When viewed as a whole, the claim asserted by Plaintiff yields an amount in controversy far above the CAFA jurisdictional limit.

### c. Number of Class Members

28. This putative class action was filed by one named Plaintiff. Thus, only 99 additional putative class members are necessary to meet the minimum 100 class member requirement of CAFA. 28 U.S.C. § 1332(d)(5)(B).

29. As noted above, Plaintiff's proposed class includes every current or former resident of D.C. who purchased NECC's flavored coffee products over a more than a 3-year period.

30. As also discussed above, NECC sold many thousands of packages of its flavored coffees in D.C. over the three year period, meaning that the number of class members greatly exceeds 100.

### IV. JURISDICTION – 28 U.S.C. §1332(a)(1)

31. This Court also has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §1332(a)(1) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

32. As noted above, Plaintiff's and Defendants' citizenships are completely diverse. Plaintiff is a citizen of Virginia and Defendants are not.

33. In addition, the amount in controversy requirement of 28 U.S.C. §1332(a)(1) is satisfied. Claims for monetary damages in an action under the CPPA can be aggregated for jurisdictional purposes to the extent that there exists a common and undivided interest. Courts in this jurisdiction have found that disgorgement of profits is one such common and undivided interest. *See Beyond Pesticides v. Dr. Pepper Snapple Grp., Inc.,* 322 F.Supp.3d 119, 122 (D.D.C. 2018) ("Courts in this district recognize disgorgement as an 'integral claim' in which plaintiffs have a 'common and undivided interest.'") (*citing Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 48 F.Supp.2d 37, 41 (D.D.C. 1999)).

34. Plaintiff has explicitly alleged a claim for disgorgement of funds. Complaint ¶ 5 & p. 22. This claim satisfies the $75,000 jurisdictional minimum of 28 U.S.C. §1332(a) inasmuch as Defendants' profits from the challenged products exceed $75,000.

## V. PROVISION OF NOTICE OF REMOVAL TO THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA AND PLAINTIFF

35. Concurrently with this Notice of Removal, Defendants will file a copy of this Notice of Removal with the Superior Court of the District of Columbia and serve same on Plaintiff.

36. If any questions arise about this removal or the basis for same, Defendants respectfully request the opportunity to present briefing in support of removal.

WHEREFORE, Defendants file this Notice of Removal and remove the civil action to the United States District Court for the District of Columbia.

Respectfully submitted,

*/s/ Alexander N. Breckinridge V.*
ALEXANDER N. BRECKINRIDGE V (DC Bar No. 983736)
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
abreckinridge@joneswalker.cojm

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2019, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF System and served a true and correct copy of same on counsel for Plaintiff via email and via First Class Mail, postage prepaid, and addressed to:

Thomas C. Willcox
Attorney at Law
1701 16th Street, NW, Suite 211
Washington, DC  20009

                                                          /s/ Alexander N. Breckinridge V.